**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **ERIC PEACOCK**<br>28 Douglas<br>Tiffin, Ohio 44883<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**C.R.H. OHIO, LIMITED, d.b.a.<br>CULLIGAN OF TIFFIN**<br>c/o Carol J. Chick (Statutory Agent)<br>507 Tiffin St<br>Fremont, Ohio 43420<br><br>　　　　　Defendant. | **Case No.**<br><br>**Judge**<br><br>**COMPLAINT; JURY DEMAND<br>ENDORSED HEREON**<br><br>Francis J. Landry (0006072)<br>**WASSERMAN, BRYAN, LANDRY &<br>HONOLD, LLP**<br>1090 West South Boundary, Suite 500<br>Perrysburg, Ohio 43551<br>Telephone: (419) 243-1239<br>Facsimile: (419) 243-2719<br>Email: FLandry308@aol.com<br>Attorney for Plaintiff,<br>Eric Peacock |

**JURISDICTION**

1.　　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201, and 2202. This action is for a violation of 29 U.S.C. Section 215(a)(3) of the Fair Labor Standards Act. This action, in part, is one for money damages and liquidated damages resulting from an alleged unlawful termination of employment. This Court's supplemental jurisdiction is also invoked over state law claims pursuant to 28 U.S.C. Section 1367.

## VENUE

2. Venue of this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, Eric Peacock ("Plaintiff"), is a resident of the City of Tiffin, County of Seneca, State of Ohio. Plaintiff was employed by Defendant from July of 2015 until his termination on or about January 13, 2017.

4. Defendant, C.R.H. Ohio, Limited, d.b.a. Culligan of Tiffin ("Defendant"), is an Ohio Limited Liability Company, operating a place of business in the City of Tiffin, County of Seneca, State of Ohio. Defendant is an employer within the meaning of the Fair Labor Standards Act ("FLSA"), and the Ohio Minimum Fair Wage Standards Act ("MFWSA"), in that Defendant's annual sales exceed $500,000.

## NATURE OF THE CASE

5. Plaintiff brings this action for damages for an unlawful discharge of his employment by Defendant, who discharged Plaintiff in violation of the FLSA and the MFWSA. Defendant furthermore failed to promptly pay Plaintiff for his services while Plaintiff was employed by Defendant.

## FACTS

6. Plaintiff began his employment with Defendant in July of 2015 as a sales representative. Plaintiff held this position until his termination on or about January 13, 2017.

7. Plaintiff performed his job to his employer's reasonable expectations.

8. Plaintiff states on numerous occasions Defendant assigned work to Plaintiff unrelated to Plaintiff's sales activities. These activities took significant time away from Plaintiff's ability to make sales.

9. Plaintiff states that he complained several times to Defendant, indicating his belief that he should be paid for the tasks that he was completing which were unrelated to his sales activities. However, Plaintiff was not paid for said tasks.

10. After Plaintiff's complaints of not being paid properly, Defendant began a course of action designed to retaliate against Plaintiff.

11. Plaintiff's supervisor indicated to Plaintiff that if Plaintiff was searching for new employment, he would "trash" Plaintiff to any employer that might call.

12. Plaintiff's supervisor began increasing Plaintiff's sales goals mid-month and then would question Plaintiff as to why he was not meeting his sales goals.

13. Furthermore, his supervisor inappropriately penalized Plaintiff in retaliation for his wage complaints. Plaintiff was only able to sell products based on the number of products Plaintiff had in inventory. On multiple occasions, Defendant did not supply Plaintiff with enough products to meet his monthly sales goals, thereby forcing him to miss the sales goals he was provided. When Plaintiff complained, Plaintiff's management acknowledged the issue but failed to fix the problem, and in fact, wrote Plaintiff up for failing to meet his sales goals.

14. Further, when Plaintiff was first hired, he was promised that he would earn $2000 per month, or would earn commission is his commission was higher than $2000. However, with no warning, Plaintiff was told he would only earn commission moving forward from May 4, 2016. Because Plaintiff was not able to make sales (due to the lack of equipment provided to him by Defendant), Plaintiff's paychecks dwindled.

15. Plaintiff continued to completed tasks for Defendant other than sales, including spending a week debt collecting for Defendant, but was not paid for those tasks. Plaintiff was entitled to

Paid Time Off. However, when he took his time off, Defendant failed to pay the PTO time to Plaintiff.

16. In December of 2016, Plaintiff was sent to a training seminar in Cleveland, Ohio—Plaintiff was never paid for that day of work.

17. Also in December of 2016, Defendant required Plaintiff to replace a piece of broken equipment at a stone quarry, which took several hours, as the quarry was more than a half hour drive away, and before Plaintiff could repair the machine, he was required to undergo safety training at the facility. Plaintiff was paid for none of this time by Defendant.

18. The retaliation against Plaintiff culminated in Plaintiff's termination on January 13, 2017.

### FIRST CLAIM FOR RELIEF
### FLSA Retaliation

19. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through eighteen (18) of this Complaint, supra, by reference in its entirety as if fully restated herein.

20. Plaintiff states that he complained to Defendant on multiple occasions about Defendant's failure to pay Plaintiff in compliance with wage and hour laws.

21. After Plaintiff's complaints of wage and hour violations, Defendant engaged in a course of conduct which was discriminatory, and meant to retaliate against Plaintiff. Defendant changed Plaintiff's sales goals, failed to provide him with the equipment to reach his sales goals, altered his commission structure, and gave him additional tasks for which he was not paid. Said retaliation is detailed in paragraphs 11 through 17 of this Complaint, and are re-alleged and incorporated by reference as if fully restated herein.

22. Plaintiff was terminated on January 13, 2017, allegedly for lying to his supervisor and not meeting his sales goals. However, such reasons are false and pretextual. Plaintiff never lied to his supervisor. Furthermore, Plaintiff was meeting his employer's reasonable expectations.

Moreover, any expectation that Plaintiff sell more equipment than was available to him to sell is a patently unreasonable expectation.

23. Plaintiff states that in continually altering the terms and conditions of Plaintiff's employment in a discriminatory manner, and in terminating his employment, Defendant has intentionally retaliated against Plaintiff in violation of Section 15(a)(3) of the Fair Labor Standards Act. 29 U.S.C. Section 215(a)(3).

24. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of his job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

### SECOND CLAIM FOR RELIEF
### OHIO MFWSA Retaliation

25. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-four (24) of this Complaint, supra, by reference in its entirety as if fully restated herein.

26. Plaintiff states that he complained to Defendant on multiple occasions about Defendant's failure to pay Plaintiff in compliance with wage and hour laws.

27. After Plaintiff's complaints of wage and hour violations, Defendant engaged in a course of conduct which was discriminatory, and meant to retaliate against Plaintiff. Defendant changed Plaintiff's sales goals, failed to provide him with the equipment to reach his sales goals, altered his commission structure, and gave him additional tasks for which he was not paid. Said retaliation is detailed in paragraphs 11 through 17 of this Complaint, and are re-alleged and incorporated by reference as if fully restated herein.

28. Plaintiff was terminated on January 13, 2017, allegedly for lying to his supervisor and not meeting his sales goals. However, such reasons are false and pretextual. Plaintiff never lied to

his supervisor. Furthermore, Plaintiff was meeting his employer's reasonable expectations. Moreover, any expectation that Plaintiff sell more equipment than was available to him to sell is a patently unreasonable expectation.

29. Plaintiff states that in continually altering the terms and conditions of Plaintiff's employment in a discriminatory manner, and in terminating his employment, Defendant has intentionally retaliated against Plaintiff in violation of Sections 4111.13 and/or 4111.14 of the Ohio Minimum Fair Wage Standards Act.

30. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of his job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## THIRD CLAIM FOR RELIEF
### Ohio's Prompt Payment Act – O.R.C. § 4113.15

31. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty (30) of this Complaint, supra, by reference in its entirety as if fully restated herein.

32. Ohio Revised Code Section 4113.15(B) states in pertinent part:

> "Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable and no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

33. Plaintiff earned wages throughout the 2016 calendar year for tasks performed for Defendant. Some of said tasks are detailed in paragraphs 11 through 17 of this Complaint, and are re-alleged and incorporated by reference as if fully restated herein.

34. More than sixty days has passed since the regularly scheduled paydays when Plaintiff's earned wages should have been paid.

35. As such, Defendant has failed to pay Plaintiff multiple wages earned in the 2016 calendar year, in violation of Ohio Revised Code Section 4113.15

36. As a proximate cause of Defendant's actions, Plaintiff has suffered lost wages, and is entitled to liquidated damages.

**FOURTH CLAIM FOR RELIEF**
**Unjust Enrichment**

37. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-six (36) of this Complaint, supra, by reference in its entirety as if fully restated herein.

38. Plaintiff provided services to Defendant as detailed in paragraphs 11 through 17 of this Complaint, and are re-alleged and incorporated by reference as if fully restated herein.

39. Defendant has retained the benefit of Plaintiff's services without just compensation.

40. Permitting Defendant to retain the benefit of Plaintiff's services without compensating Plaintiff injures Plaintiff.

41. As a proximate cause of Defendant's actions, Plaintiff has suffered lost wages.

**WHEREFORE**, Plaintiff, Eric Peacock, demands judgment against Defendant for lost back wages, future wages, benefits, and for compensatory, liquidated, and punitive damages all in an amount exceeding the sum of $75.000.00, prejudgment and post-judgment interest, plus his costs and reasonable attorney's fees, and whatever other relief, legal, or equitable to which he may appear to be entitled.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

                              **s/Francis J. Landry**
                              Francis J. Landry
                              Attorney for Plaintiff, Eric Peacock

## **JURY DEMAND**

Plaintiff demands a jury trial as to all issues to triable in the within cause.

                              s/Francis J. Landry
                              Francis J. Landry